UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RANDALL HICKS,

            Plaintiff,                    Case No. 1:07-cv-1073

v.                                          Honorable Robert J. Jonker

CORRECTIONAL MEDICAL
SYSTEMS, INC.,

                                       **ORDER OF TRANSFER**

            Defendant.

_____/

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the Parr Correctional Facility. Plaintiff sues Correctional Medical Systems, Inc. (CMS).[1] In his *pro se* complaint, Plaintiff alleges that medical staff employed by CMS at the Parr Correctional Facility provided constitutionally inadequate medical care. The events giving rise to Plaintiff's action occurred in Adrian, Michigan, which is located in Lenawee County. Lenawee County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a).

        Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Defendant CMS is a corporation with its principal place of business in St. Louis, Missouri. It provides services at the Parr Medical facility in Adrian, Michigan, and it "resides" in that county for purposes of venue. *See* 28 U.S.C. § 1391(c).

---

[1] Although Plaintiff names Correctional Medical Systems, Inc., he appears to refer to Correctional Medical Services, Inc., which contracts with the State of Michigan to provide prisoner health care at various facilities in the state.

Plaintiff's allegations against CMS arose in Lenawee County, where Defendant's employees allegedly committed the acts giving rise to this case. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979). In these circumstances, venue is most appropriate in the Eastern District. *See* 28 U.S.C. § 1404(a) (allowing transfer of venue to another district for convenience of parties and witnesses and in the interest of justice). Therefore:

IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). It is noted that this Court has not decided Plaintiff's motion to proceed *in forma pauperis*, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).

IT IS SO ORDERED.

Dated:  November 5, 2007                                  /s/ Hugh W. Brenneman, Jr.
                                                                                  HUGH W. BRENNEMAN, JR.
                                                                                  United States Magistrate Judge